### In re BROOKLYN EL. R. CO.

(Supreme Court, Appellate Division, Second Department. July 7, 1898.)

EMINENT DOMAIN—COMMISSIONER OF APPRAISAL—DISQUALIFICATION.

The fact that a person was formerly a stockholder in a railroad company constitutes no reason why he should not be appointed a commissioner of appraisal in a proceeding instituted by the company to acquire a right of way, where he no longer holds any stock, and has no interest, direct or indirect, in the company.

Appeal from special term, Kings county.

In the matter of the petition of the Brooklyn Elevated Railroad Company relative to acquiring title to real estate on Sands street, in the city of Brooklyn. From an order denying a motion to vacate an order appointing commissioners of appraisal, Thomas Browne appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Stephen M. Hoye, for appellant.
Alexander S. Lyman, for respondent.

PER CURIAM. There are two grounds upon which the appellant insists that the order appointing commissioners in this proceeding

should be vacated. The first is that different commissioners had previously been nominated by another judge. It distinctly appears, however, that these nominations were made under a misapprehension, and were canceled by the learned judge who made them upon his attention being called to the fact that an issue had been raised by the interposition of an answer, which must be determined before any commissioners could be appointed.

The second ground of appeal is that the commission named in the order under review is not a disinterested commission. There is no allegation or suggestion that any one of the commissioners has exhibited any partiality, prejudice, or unfairness, in word or deed; but it is urged that one of the commissioners is incompetent to act because he was an incorporator of the Union Elevated Railroad Company, the predecessor in interest of the Brooklyn Elevated Railroad Company, and was also for a long time a stockholder in the said Union Elevated Railroad Company. The affidavit of this commissioner, however, verified on April 25, 1898, declares that "deponent is not, and for many years has not been, a stockholder or bondholder of the Union Elevated Railroad Company, or of the Brooklyn Elevated Railroad Company, the plaintiff herein, nor been in any wise, directly or indirectly, interested in said companies or either of them." In view of this statement, which is in no wise controverted, we are of the opinion that his former ownership of stock in the Union Elevated Railroad Company constitutes no disqualification whatever. There are many judges on the bench, in this and other states, who were formerly stockholders in corporations which now figure as litigants in their courts, and who have parted with their stock in order that they might not be disqualified from acting judicially in the suits to which such corporations are parties. No one has ever yet suggested, so far as we know, that such judges could not act impartially in these litigations, or that there was any impropriety in the course which they pursued in selling their stock for the purpose.

The order appealed from is affirmed, with $10 costs and disbursements.